# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ANTHONY JIMENEZ,<br><br>　　　　　Defendant. | Case No.   MJ21-990<br><br>ORDER OF DETENTION |

I.

On March 1, 2021, Defendant made his initial appearance, by consent to appear by video teleconference, on the criminal complaint filed in this matter. Deputy Federal Public Defender Ijeoma Eke was appointed to represent Defendant. A detention hearing was held; the Court issued an order releasing Defendant upon the posting of a $25,000 unsecured bond to be signed by his mother, and conditions including location monitoring, home detention, and release to the third party custody of his mother.  At the government's request, the Court stayed its release order for 48 hours to permit the government to seek review of the release order.

On March 3, 2021, the government filed an application for review of the order setting conditions of release, and an application for a stay of the release order pending the Court's ruling on the application, with the assigned criminal duty district judge, Dale S. Fischer. (Dkt. Nos. 12-13).  On March 4, 2021, the application for review was returned to the undersigned for reconsideration.  On the same date, the Court, having reviewed the *ex parte* application and defendant's opposition (which had been emailed to the Court but not yet docketed), issued an order granting a further stay of its release order pending its ruling on the application for review.  (Dkt. Nos. 15-16). On March 5, 2021, Defendant filed an opposition to the application for review of the release order. (Dkt. No. 17).

A hearing on the application for review was held on March 9, 2021. Defendant appeared by video teleconference and affirmed his consent to so appear.

Preliminarily, the Court notes that the government's application for review includes the following information about Defendant's criminal conduct that was not before the Court at the time of the initial appearance:  Beginning in October 2020, and continuing to February 20, 2021, Defendant engaged in criminal conduct, albeit uncharged, separate from the armed postal carrier robberies charged in the criminal complaint, involving theft, deception and fraud.  As set forth in the

government's application for review, Defendant is suspected of (1) using a stolen debit card to purchase a set of tires and driving off with the tires without paying; (2) shoplifting a television set from a Target store; (3) stealing the license plate that was affixed to his car, the vehicle used in the armed robberies; (4) while offering to sell his car, taking the $3,500 payment from the buyer and driving off with the car and the money; and (5) attempting to cash a forged check fraudulently made payable to himself.  (Dkt. No. 12 at 6-7).[1]  As the government points out, Defendant has been engaged in a continuous and escalating course of criminal activity that culminated in the commission of five armed robberies of postal carriers in February 2021. Id. at 10.  The Court finds these factors, coupled with the seriousness of the charges Defendant is facing, sufficient to find that pre-trial would pose a danger, both physical and economic, to others and the community. Accordingly, the Court's prior release order is VACATED and Defendant is remanded to the custody of the U.S. Marshal pending further proceedings.

☐    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

---

[1] The Court cites to the pagination provided by the Court's electronic docket.

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☐ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.[2]

IV.

The Court bases its conclusions on the following:

The Court believes that conditions can be set to address risk of non-appearance.

As to danger to the community:

☒ allegations in the criminal complaint involve the commission of five armed robberies of postal carriers between February 6, 2021 and February 19, 2021.

---

[2] The Court denies Defendant's request for release premised on the COVID-19 pandemic and the risk that incarceration poses to his health. (Dkt. No. 17 at 4-6). As serious as it is, the outbreak of COVID-19 does not override the statutory detention provisions noted above and the Court's analysis of the factors set forth in 18 U.S.C. §3142(g). Moreover, Defendant has not established any particular susceptibility to contracting the virus or demonstrated a medical condition that cannot be treated or adequately managed while he is in custody. Accordingly, the COVID-19 pandemic is not a circumstance which warrants release from custody. Defendant's request for temporary release pursuant to 18 U.S.C. § 3142(i) to prepare for his defense, (see Dkt. No. 17 at 10), is also denied, without prejudice. Defendant has not demonstrated that he is unable to make unmonitored calls or have non-contact visits with Counsel for this purpose.

☒   uncharged criminal activity as set forth above.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 10, 2021

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE